COURTLAND VANDIKE, Appellant, v. JOHN T. MADDIX, Respondent.

St. Louis Court of Appeals, October 26, 1886.

ACTIONS—PREMATURE.—A subscriber to a fund for the erection of a mill became such under an agreement that if a necessity for the removal of the mill should arise, he should have a lien on the mill for the amount of his subscription. The mill was sold by the owner with the understanding that it would be removed, whereupon, the subscriber brought suit to recover his subscription. Held that the action was premature.

APPEAL from the Scotland County Circuit Court, BEN E. TURNER, Judge.

*Affirmed.*

R. D. CRAMER, E. R. McKEE, and J. M. JAYNE, for the appellant.

MUDD & WAGNER and SMOOT & PETTINGILL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The defendant agreed to erect and maintain a saw and grist mill in the town of Arbela, in consideration of a number of citizens subscribing and paying to him the sum of one hundred and fifty dollars, the mill to remain a permanent improvement at said town, and, in the event of a necessity arising to require its removal, the various sums subscribed to be a lien on the same, to be satisfied before its removal. This sum was subscribed and paid to him ; he erected the mill, but soon after sold it to third parties with the express understanding and agreement, as the record recites, that these third parties should remove the same to another town ten miles away. At the time of the institution of this suit the mill had not

been removed from Arbela, but the parties who had purchased it from the defendant were intending and arranging to remove it at once.

This, excluding other matters which are not material, was the state of facts which existed at the time the plaintiff brought the present action for himself and as the assignee of the other subscribers to the fund of one hundred and fifty dollars, to recover the same from the defendant, on the ground that he had created a necessity for the removal of the mill, whereby the amounts subscribed became subject to re-payment. Upon this state of facts the court directed the jury to find for the defendant. It is clear that this direction was right, because, at the time when the suit was brought, a necessity had not arisen requiring the removal of the mill within the meaning of the contract. The fact that the defendant's vendees had purchased the mill with the express understanding that it should be removed to another town and without a knowledge of this lien upon it, and that they were intending at once to remove the mill to such other town, did not create such a necessity, since they were still at liberty to rescind their agreement with the defendant to remove the mill, or to waive their right to remove it. It is obvious that as long as the mill remained at Arbela, the subscribers to the fund were in possession of the right for which they had bargained, and that no threatened or concocted removal of it would give them a right of action to recover the amount of their subscriptions.

With the concurrence of all the judges, it is ordered that the judgment be affirmed.