HEARD, *Appellant*, v. RITCHEY *et al.*

Division Two, December 6, 1892.

**Premature Suit:** RECOVERY. A recovery cannot be had in an action prematurely brought.

*Appeal from Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Louis Hoffmann* and *Jackson & Montgomery* for appellant.

(1) The defendants having incorporated were partners, and liable as such. *Martin v. Ferrell*, 79 Mo. 410; *Glenn v. Bergman*, 20 Mo. App. 343. (2) The contract offered in evidence was not a mere "option," but was a valid contract of sale and purchase between the parties. *Benson v. Shotwell*, 25 Pac. Rep. 249; *Gibbons v. Sherwin*, 44 N. W. Rep. 99. (3) It was not necessary that the contract should have been signed by the vendees. *Briggs v. Partridge*, 64 N. Y. 357; *McConnell v. Brayner*, 63 Mo. 364; *McCrea v. Purmort*, 16 Wend. 469. (4) But even if such contract may be reated as unilateral at first, and not enforceable until the defendants have elected to avail themselves of it, still, when they did so elect, and procured the deed to

be made, and took possession of the land, the contract became mutual and might be enforced against either party by the other. *Bigelow v. Ames*, 108 U. S. 10; *Miller v. Cameron*, 15 Atl. Rep. 842; *Woodruff v. Woodruff*, 16 Atl. Rep. 4; *Richards v. Green*, 8 C. E. Green (N. J.) 536; *Ivory v. Murphy*, 36 Mo. 534; *Walker v. Owen*, 79 Mo. 563; *Curran v. Rogers*, 35 Mich. 221; *Corson v. Mulvany*, 49 Pa. St. 88; *Frick's Appeal*, 101 Pa. St. 489; *Moses v. McClain*, 2 S. Rep. 741.

*Geo. W. Barnett, John H. Bothwell, Sangree & Lamm* and *C. O. Tichenor* for respondents.

On any theory of the case the suit is prematurely brought. *First.* If the suit is on the note, the note was not due at the commencement of the action. *Second.* If on the original contract, then the last payment according to its terms was not due. *Third.* If for the purchase price, the same contention obtains. *Fourth.* If upon "all the facts in the case," then the time the last payment (which is sued for) was to be made is a "fact" that cannot be ignored.

THOMAS, J.—The petition in this case alleges that defendants associated themselves together in the year, 1887, under the name of the "Sedalia Loan & Investment Company;" that, on the twelfth day of April, 1887, plaintiff executed a contract by which he gave defendants, under the name aforesaid, an option to purchase a tract of land near Sedalia in Pettis county, for the sum of $25,600, $500 of which was then paid, and the balance being payable as follows: $500 in sixty days, $500 in ninety days, $4,500 August 1st, $6,000 in one year, and the balance in two years after the deed should be made; that on the nineteenth day of April, 1887, defendants directed plaintiff to execute

and deliver to James H. Douglass a deed for the land, which was done, and $500 more of the purchase money paid, and Douglass executed notes for the balance, as called for in said contract, the notes being dated April 19, 1887, and secured by deed of trust on the property; that defendants paid the note of $500 and $2,500 on the note of $4,500; that, default having been made in the payment of the remainder, plaintiff foreclosed the deed of trust, and at the sale became the purchaser of the land for the sum of $14,000, which paid off all the notes except the one for $14,200, payable two years after date, this last note being credited with $4,889.90, leaving a balance due thereon of $10,626.10, and plaintiff seeks in the first count of his petition to hold defendants liable for the balance of the purchase money, on the ground that they were the real purchasers of the property, and that Douglass was either their partner or agent, but which he did not know, and, therefore, could not state.

In the second count it is simply charged that defendants, under the name and style of James H. Douglass, executed and delivered to plaintiff the said note of $14,200, and judgment is prayed for the balance due thereon. This action was begun on the seventh day of January, 1889. On April 5, 1889, the defendants answered denying generally the allegations of the petition. At the trial in October, 1889, defendants objected to the introduction of any evidence, because the petition did not state facts sufficient to constitute a cause of action, which was overruled; and, at the close of the case, the court sustained a demurrer to the evidence, whereupon plaintiff took a nonsuit with leave, etc. The court having refused to set aside this nonsuit, plaintiff brought the case to this court by appeal.

This judgment will have to be affirmed, on the

ground that the claim, which is the basis of plaintiff's cause of action, was not due when the suit was instituted. By the original contract, and by the transaction with Douglass, the last payment of the purchase money of the land was to be made two years after date. The note of $14,200, being for this last payment, was not due, allowing the three days of grace, till April 22, 1889, more than three months after the institution of the suit, and, hence, whether we regard the action as founded on the original contract, as in the first count, or on the note, as in the second count, plaintiff stated no cause of action due at the time, and the court erred in not sustaining defendants' objection to the introduction of any evidence under the petition. *Mason v. Barnard*, 36 Mo. 391; *Turk v. Stahl*, 53 Mo. 438; *Dillinger v. Kelley*, 84 Mo. 561; *Brown v. Shock*, 27 Mo. App. 351; *Duryee v. Turner*, 20 Mo. App. 34; McQuillan's Pleading & Practice, sec. 461, and notes. This error was afterwards cured, however, by the court's ruling on the demurrer to the evidence. Judgment affirmed. All concur.