# LESTER REAL ESTATE COMPANY, Appellant, v. CITY OF ST. LOUIS.

### Division Two, October 27, 1902.

Condemnation Proceedings: ST. LOUIS: DISMISSAL: ATTORNEY'S FEES: PLEADING. The city of St. Louis is liable, upon the dismissal of proceedings to condemn land for a street, for counsel fees paid by the landowner whose land was sought to be condemned, only when it is alleged and made to appear that such proceedings were "needlessly, wrongfully and vexatiously continued by the city, against the protest of the landowner, when it was in the power of the city to dismiss and avoid the injury to him." And a petition for attorney's fees which does not contain such averments, does not state a cause of action.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*J. Clarence Taussig* for appellant.

(1) Upon the discontinuance of proceedings to condemn land for the use of the city of St. Louis, the landowner, the defendant in the condemnation proceedings, is entitled to payment by the city of all the costs of the case, including counsel fees. Railroad v. Lackland, 25 Mo. 515; Railroad v. Railroad, 138 Mo. 59; St. Joseph v. Hamilton, 43 Mo. 288; State ex rel. v. Hug, 44 Mo. 117; St. Louis v. Meintz, 107 Mo. 611; Simpson v. Kansas City, 111 Mo. 240. (2) The authority to charge such expenses is based on the rule that it is eminently just and fair that such expenses should be charged against the public corporations. The law has therefore been given an equitable construction. Railroad v. Lackland, supra; Railroad v. Railroad, supra. (3) The rule in the Lackland case has been recognized as the

law of the State, and applies to the charter of St. Louis. Railroad v. Railroad, supra. (4) Sections 8 and 9, article 6, of the charter of the city of St. Louis, do not indicate an intention to change the rule declared in the Lackland case. In almost every case in this State where counsel fees were recovered, the condemnation proceedings were dismissed under a provision permitting the plaintiff to dismiss upon the payment of the costs. Railroad v. Lackland, supra; Railroad v. Railroad, supra; St. Louis v. Meintz, supra.

*B. Schnurmacher* and *Chas. W. Bates* for respondent.

(1) Under its charter the city of St. Louis may dismiss and withdraw legal proceedings for the condemnation of private property for public use, and may abandon a contemplated public improvement at any time before final judgment, on payment of costs. Charter, St. Louis, art. 6, sec. 9. And may even discontinue such proceedings after final judgment by failure to make the necessary appropriation to pay the damages awarded. Silvester v. St. Louis, 65 S. W. 278; charter, art. 6, sec. 10. (2) The "costs" for which the city becomes liable in the event of discontinuance, are the taxable court costs, and not fees of counsel, experts or other demands for the preparation of the case. St. Louis v. Meintz, 107 Mo. 611. (3) The only other terms imposed upon the city in consequence of a discontinuance of such condemnation proceedings, resulting from a voluntary dismissal or a failure to make the necessary appropriation, is a denial of the right to reinstate such proceedings for a priod of ten years thereafter. Charter, St. Louis, art. 6, secs. 9 and 10. (4) Under its charter provisions the city of St. Louis, upon a discontinuance of condemnation proceedings, the same not having been unnecessarily protracted or wrongfully delayed, is liable only for taxable court costs, and for none other. Simpson v. Kansas City, 111 Mo. 237; Railroad v. Railroad, 138 Mo. 591; State ex rel. v. Hug, 44

Lester Real Estate Co. v. City of St. Louis.

Mo. 116; Whyte v. Kansas City, 22 Mo. App. 409; Bergman v. Railroad, 21 Minn. 533; Stevens v. Borough of Danbury, 53 Conn. 20; Feiten v. Milwaukee, 47 Wis. 496; Lewis on Eminent Domain, sec. 658; Dillon's Mun. Corp. (4 Ed.), secs. 609, 610; Mills on Eminent Domain, sec. 313.

BURGESS, J.—This action is to recover the sum of three thousand dollars from the city for fees of attorneys alleged to have been necessarily expended by plaintiff in the defense of a proceeding brought by said defendant city in the circuit court of the city of St. Louis, for the purpose of condemning plaintiff's real estate for widening a street, which said proceeding was dismissed by the city, and the costs adjudged against it.

Defendant interposed a demurrer to the petition upon the ground that it failed to state a cause of action. The demurrer was sustained, and final judgment rendered for defendant thereon, from which plaintiff appeals.

Under its charter the city of St. Louis (article 6, section 9) may dismiss and withdraw legal proceedings for the condemnation of private property for public use at any time before final judgment on the payment of costs, and in this respect differs from such a proceeding by other public corporations authorized under their charters to condemn real estate for public use, and is only liable for counsel fees when it is alleged and made to appear that such proceedings "are needlessly, wrongfully and vexatiously continued by the city, against the protest of the landowner, when it is in the power of the city to dismiss and avoid the injury to him." There is no such averment in the petition in this case or anything tantamount thereto. The demurrer was properly sustained. [St. Louis Brewing Assn. v. City of St. Louis, 168 Mo. 37.]

The judgment is affirmed. All concur.