RED DIAMOND CLOTHING COMPANY, Appellant,
v. STEIDEMANN et al., Respondents.

St. Louis Court of Appeals, October 30, 1906.

1. **QUIETING TITLE: Personal Property.** Where a tenant, before the expiration of his term, brought an action to restrain his landlord from claiming title to certain fixtures on the premises and from interfering with their removal, it was an action to remove a cloud upon the title of personal property which can not be maintained in a case like this; a demurrer to the petition was properly sustained.

2. **PRACTICE: Amendments: Departure: Cause of Action: Accruing after Commencement of Suit.** Where a tenant before the expiration of his term filed a bill in equity seeking to restrain his landlord from interfering with his removal of certain fixtures at the expiration of his term and subsequently amended his petition by adding a count for the conversion of the property, the count for the conversion was properly stricken out on motion because it substituted a new and different cause of action for the original one, and because the cause of action stated accrued at the expiration of the lease, after the filing of the original petition.

Appeal from St. Louis City Circuit Court.— *Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Barclay, Shields & Fauntleroy* for appellant.

(1) The demurrer to the first count to plaintiff's second amended petition should have been overruled. Lewen v. Stone, 3 Ala. 485; Sherman v. Fitch, 98 Mass. 59; Springport v. Teutonia, 75 N. Y. 397; Railway v. Schuyler, 17 N. Y. 592; Voss v. Murray, 50 Ohio St. 19; Rosenbaum v. Foss, 4 S. Dak. 184; Paris v. Saunders, 3 Humph. (Tenn.) 413; Magnuson v. Clithero, 101 Wis. 551; Bank v. Kerchival, 65 Mo. 682; Town v. Bowers, 81 Mo. 491; Harris v. Township Board, 22 Mo. App. 462; Bailey v. Wade, 24 Mo. App. 186; Brewing Co. v.

Water Works, 34 Mo. App. 49; Turner v. Stewart, 78 Mo. 480; Owen v. Ford, 49 Mo. 436; Jones on Chattel Mortgage, sec. 348; Gordon v. Mansfield, 84 Mo. App. 367. (2) The motion to strike out the second count in plaintiff's second amended petition should have been overruled. Roundtree v. Gordon, 8 Mo. 19; Ward v. Davidson, 89 Mo. 445; Nave v. Adams, 107 Mo. 414; Reyburn v. Mitchell, 106 Mo. 365; Cohn v. Sounders, 175 Mo. 455.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for respondent.

The circuit court ruled correctly when it sustained the demurrer to the original petition and later also sustained the demurrers to the first count of the amended petitions. (a) "It would seem to be elementary that in legal parlance cloud upon title arises with reference to real estate only. This is the settled law of this State." State ex rel. v. Wood, 155 Mo. 446. And an injunction will not be granted to restrain the sale or conversion of personal property. The injured party must resort to an action at law in which the issues can be submitted to a jury. Sayre v. Tompkins, 23 Mo. 443; Lockwood v. St. Louis, 24 Mo. 170; Leslie v. St. Louis, 47 Mo. 474; Bank v. Kansas City, 73 Mo. 555. (b) When the amended petitions were filed the lease had expired and the injury complained of by the first count of these amended petitions was then a past one for which the only remedy would be an action at law. "For past injuries or trespasses the only remedy is an action at law for compensation in damages. Injunction furnishes no relief." Owen v. Ford, 49 Mo. 437. An amended petition which substitutes a different cause of action from that stated in the original complaint is properly stricken out on motion of defendant. Purdy v. Pfaff, 104 Mo. App. 331; Grymes v. Lumber Co., 111 Mo. App. 358.

STATEMENT.—There was an original and two amended petitions filed in this cause. The first petition contained but one count and asked for equitable relief only. A demurrer to this petition was sustained by the court, whereupon an amended petition was filed in which the one count in the original petition was stated with greater elaboration and a second count in conversion added. The court sustained a demurrer to the first count and a motion to strike out the second one. Plaintiff amended a second time, filing the following second amended petition (omitting caption and signatures):

"Plaintiff, the Red Diamond Clothing Company, for its amended petition, leave to file the same being granted by the court, states that it is, and was at all the dates and times at which it is said herein to have done any acts, a business corporation, duly and lawfully organized and existing under the laws of the State of Missouri, and having power to do all the acts hereinafter mentioned as having been done by plaintiff.

"Plaintiff further states that it became a tenant of the defendants of certain premises in the city of St. Louis, by assignments and transfers from time to time of the interest of the lessees in a certain lease dated July 31, 1899, by said defendants to the Wright & Green Manufacturing Company (as lessees) whereby said premises were leased to said last named company for a term of years expiring December 31, 1904, upon agreements and conditions as to rental, etc.; which have been fully performed to this date by plaintiff and the said lessees, and by those through whom, by consent of defendants, plaintiff has succeeded to its rights.

"Said premises are situated in the said city of St. Louis, and are described in said lease as follows; The fourth-story and basement brick building known as and numbered 825 and 827 North Eighth street, in said city of St. Louis; that at the time of filing the original petition herein, and up to said December 31, 1904, the said

premises were used by plaintiff, and prior thereto were used by said tenants successively as a manufacturing establishment, or factory for business purposes.

"Plaintiff further states that with said leasehold of said premises, plaintiff acquired by purchase from said Wright & Green Manufacturing Company, and was in full possession thereof at the time of bringing this suit, a number of articles of machinery connected with said building, and a part of the plant thereof including an engine, boiler and equipments thereof, steam pump, blow off tank, and sprinkling apparatus and steam heating apparatus, and coils, and the connections thereof, with all business appliances used in the said factory as part of the machinery and appliances for manufacturing said business prosecuted by the plaintiff in said premises; that said machinery, boiler, steam pump, blow off tank, sprinkling apparatus and steam heating apparatus, and the coils and the connections thereof, with other mechanical appliances for carrying on the manufacturing business in said building had been theretofore acquired by the said Wright & Green Manufacturing Company from the Milius Boot & Shoe Manufacturing Company as part of the plant in said premises by purchase for a valuable consideration, and was sold by said Wright & Green Manufacturing Company to the plaintiff herein as part of said plant, and was treated by all the said tenants as personal property and subject to be removed from said building at the expiration of the lease thereof.

"Plaintiff further states that the defendants, well knowing that the plaintiff had purchased, and was the owner of said articles of machinery, to-wit, said engine, boiler and equipments; steam pump, blow off tank, sprinkling apparatus and steam heating apparatus and coils and the connections thereof, with all the mechanical appliances used in said factory, claimed that said articles of machinery were part of the realty so occupied by plaintiff, and were so attached thereto as to become

fixtures and real property, and that the defendants own-
ed the same and intended to prevent plaintiff from re-
moving the same from said premises, and had asserted
to other persons that they owned said articles of ma-
chinery, and denied that plaintiff had any title thereto.
That in consequence of said wrongful claim of title by
defendants to said machinery, plaintiff was deprived of
the full enjoyment thereof, and that by reason of said
unfounded claim of defendants, which is contrary to eq-
uity and good conscience, the plaintiff was prevented
from selling said engine, boiler and equipments, steam
pump, blow off tank, sprinkling apparatus, and steam
heating apparatus, and coils and the connections thereof
at a large profit, the purchaser having refused to pur-
chase the same by reason of said unwarrantable and in-
equitable claim of the defendants that they belonged to
defendants; that said defendants continued to make such
claim, and notified the plaintiff that they would prevent
him from removing said property from said building
up.to the time when said lease expired, and at the said
time, refused to allow the plaintiff to remove the articles
and property aforesaid from said premises, claiming
that they were a part of the realty, and were unremov-
able fixtures that belonged to the defendants.

"Plaintiff states by reason of said inequitable action
of said defendants claiming said property and in re-
fusing to allow plaintiff to remove the said articles of
machinery, he was greatly damaged in the loss of the
sale of said property and put to great expense in pur-
chasing other property to take the place of that so il-
legally claimed and retained by defendants.

"Plaintiff further states that by reason of said il-
legal retention of said machinery by said defendants
and claim by them that said machinery was part of said
realty, and that they were entitled to the possession
thereof, as part of said realty at the expiration of plain-

tiff's lease, the plaintiff was deprived of his clear legal title to said property as part of his manufacturing plant and the use thereof.

"Wherefore, plaintiff prays that defendants be perpetually enjoined and restrained from interfering with their removal from said premises of said articles of machinery, and from claiming title thereto as part of the said premises and realty owned by the defendants and so leased by the plaintiff, and that the court may inquire into, and determine whether or not said articles of machinery, are part of the realty and unremovable fixtures belonging to said defendants, or whether it is personal property belonging to the plaintiff, and that a decree be rendered by the court adjudging that the plaintiff is the owner of said machinery and has complete title thereto, as against the defendants, and that plaintiff may have such other, and general and further relief as may be just.

"Plaintiff for its second cause of action herein states that it is a corporation as hereinbefore stated, duly incorporated and existing and was such corporation at all times mentioned herein, and that plaintiff having become tenant of defendants of the premises mentioned in the first count under the lease mentioned therein and being the owner of the articles of machinery therein mentioned, to-wit: said engine, boiler and equipments and steam pump, blow off tank, sprinkling apparatus and steam heating apparatus and coils and the connections thereof mentioned in said first count, was unlawfully and wrongfully prevented by said defendants from moving said articles of machinery of great value to-wit: The sum of $3,000 from the premises aforesaid at the termination of said lease December 31, 1904, whereby defendants converted said property to their own use and refused to permit plaintiff to remove the same from said premises; whereby the plaintiff has been damaged by said defendants' wrongful action

aforesaid in the sum of $3,000 for which amount it prays judgment and for its costs."

A demurrer to the first count and a motion to strike out the second were both sustained, whereupon the plaintiff, after taking the necessary steps to preserve its exceptions, appealed to this court.

BLAND, P. J. (after stating the facts).—1. The suit was begun September 17, 1904. It appears from the allegations of the first and second petitions, that plaintiff's lease expired December 31, 1904. It also appears from the second count in the first amended petition that defendants prevented plaintiff from removing its machinery from the leased premises on the day the lease expired, December 31, 1904. The date of the conversion is studiously omitted in the second amended petition, for a purpose to be hereafter adverted to. The first count in all the petitions is to remove a cloud upon the title of personal property in the possession of and claimed to be the property of the plaintiff.

In State ex rel. v. Wood, 155 Mo. l. c. 446, 56 S. W. 474, the court said: "It would seem to be elementary that in legal parlance cloud upon title arises with reference to real estate only. [6 Am. & Eng. Ency. Law (2 Ed.), 150 and cased cited.]˙ This is the settled law of this State. [Lockwood v. St. Louis, 24 Mo. 20; Leslie v. St. Louis, 47 Mo. 474; Warrensburg v. Miller, 77 Mo. 56; Sayre v. Thompkins, 23 Mo. 443; Bank v. Kansas City, 73 Mo. 555.]" There are exceptions to this elementary rule of equity practice; for instance, to remove a cloud upon attached property in the hands of a sheriff, when the cloud is created by a recorded mortgage. [Voss v. Murray, 50 Ohio St. 19.] Assignees of property, which they desire to sell, may remove a cloud upon it, created by a recorded mortgage, which they claim to be invalid. [Sherman v. Fitch, 98 Mass. 59.] In the latter case, the court said: "The mortgage is upon record, and it is

evident that they (the assignees) cannot sell the prop-
erty with any prospect of obtaining its fair value, be-
cause the purchaser would know that he exposed himself
to an action, if the defendant's claim is well founded."
The same principle of equity is announced in Magnuson
v. Clithero, 101 Wis. 551. Pomeroy said the action to
quiet title "'may be invoked to determine conflicting
rights over personal property. . . . It will be seen
that each case must stand mainly upon its own circum-
stances." [Pomeroy on Remedies and Remedial Rights,
sec. 369.] No case can be found where a court of equity
has closed a man's mouth and tied his tongue to make a
mere verbal claim to another's property, and that is all
defendants are alleged to have done in the first count
in the petition, and we think the demurrer was properly
sustained.

2. The grounds assigned in the motion to strike
out the second count of the second amended petition are
as follows;

"1st. That said count is a departure from the cause
of action pleaded in the original petition herein; and

"2nd. That the pretended cause of action set forth
in said second count accrued after the commencement
of this suit on September 17, 1904, in that the alleged
conversion by defendants of the articles in said count
described took place long thereafter, when the lease
under which the plaintiff claims had expired, December
31, 1904."

It is permissible, under our code of practice, to bring
forward, by an amended or supplemental petition,
matters that have occurred since the commencement of
the suit, where they simply enlarge the relief prayed for
(Ward v. Davidson, 89 Mo. 445) and so, a petition may
be amended to correspond to changes which have occurr-
ed since the commencement of the suit. [Reyburn v.
Mitchell, 106 Mo. 365, 16 S. W. 592; Cohn v. Souders,
175 Mo. 455, 75 S. W. 413.] But a new and different

cause of action cannot be substituted for the original by amendment, or be brought in by a new and separate count. [Heman v. Glann, 129 Mo. 325, 31 S. W. 589; Purdy v. Pfaff, 104 Mo. App. 331, 78 S. W. 824. A petition may be strengthened or reinforced by new matter, but the new matters should not substitute a new cause of action. It also appears by the record plaintiff made, that its cause of action stated in the second count accrued after the filing of the original petition, and for this reason cannot form the basis of the suit introduced by the second count. [Heard v. Ritchey, 112 Mo. 516, 20 S. W. 799; Payne v. School District, 87 Mo. 415.]

The motion to strike out the second count was properly sustained and the judgment is affirmed. All concur.