CHARLES D. RITCHIE and LILLIAN M. RITCHIE, Appellants, v. STATE BOARD OF AGRICULTURE, Respondent.*

In the Kansas City Court of Appeals, April 7, 1924.

1. **EMINENT DOMAIN: Condemnation: Damages: Statute Held not to Permit Recovery by Landowner from Board of Agriculture of Attorney's Fees and Expenses Incurred in Defending Condemnation Proceedings Which Were Discontinued.** Under Laws Extra Session, 1921, p. 182, governing proceedings for condemnation and taking of land by the State Board of Agriculture for state ·fair purposes, permitting abandonment at any time of the condemnation proceedings and making applicable all laws relating to condemnation by railroad companies, *held* not to authorize board to pay attorney's fees, loss of time and expenses incurred by landowner in defending condemnation suit which was dismissed by board after damages were assessed by commissioners and exceptions had been filed to amount of damages awarded, there being neither pleading nor proof of any unusual delay in proceedings or dismissal thereof.

2. ———: ———: ———: **Demurrer: In Absence of Express Statute Authorizing Recovery of Expenses Incurred by Landowner in Defending Condemnation Proceedings Which Were Discontinued, Held Action Could not be Maintained.** In an action by landowner to recover attorney's fees, loss of time and expenses incurred in defending condemnation suit dismissed after damages were assessed, *held* there being no express statute giving landowner right to maintain

the action, court properly sustained defendant's demurrer to the evidence.

*Headnotes 1. Eminent Domain, 20 C. J., Section 511 (Anno); 2. Eminent Domain, 20 C. J., Section 514.

Appeal from Circuit Court of Cooper County.—*Hon. John G. Slate,* Judge.

AFFIRMED.

*Lamm & Lamm, Bohling & Bohling* and *Roy D. Williams* for appellants.

*Montgomery & Rucker* and *R. S. Robertson* for respondent.

BLAND, J.—This is an action to recover the attorney's fees, loss of time and expenses incurred in defending a condemnation suit instituted by defendant against plaintiffs to condemn for state fair purposes forty acres of land owned by plaintiffs. The condemnation suit was dismissed by the Board of Agriculture after damages were assessed by the commissioners and exceptions had been filed by the Board to the amount of damages awarded by the commissioners and an application for a change of venue had been made. At the close of the evidence in the instant case the court gave a peremptory instruction directing the jury to find for defendant, resulting in a verdict for defendant and plaintiffs have appealed.

The statute under which the condemnation proceedings were had reads as follows: The State Board of Agriculture—

". . . are hereby empowered and authorized to direct the attorney-general, and the attorney-general is hereby required when so directed, to institute in the name of the State of Missouri, proceedings for the condemnation and taking of"—land for state fair purposes—"selected by said board, and such condemnation proceedings

shall be in all things governed and controlled by the laws of this State governing the condemnation of private property for a public use by railroad companies, and all the laws and statutes of the State applicable to the condemnation of private property for railroad purposes shall be the law for determining the rights of property of each party to any such proceedings: Provided, that if the said board shall so elect, no assessment for damages or compensation under this law shall be payable and no execution shall issue before the expiration of sixty (60) days after the adjournment of the next regular session of the Legislature held after such assessment is made, but the same shall bear interest at the rate of six (6) per cent. per annum from its date until paid; and provided further, that the said board may at any time elect to abandon the proposed appropriation of property by an instrument in writing to that effect, to be filed with the clerk of the court and entered on the minutes of the court, and as to so much as is thus abandoned, the assessment of damages or compensation shall be void.'' [Laws of Missouri, 1921, p. 182, first extra session.]

It will be noted that this statute provides that the Board could abandon at any time the proceedings for the condemnation of the land, and should it do so the assessment of compensation should be void.

Beginning with the case of North Missouri R. R. Co. v. Lackland, 25 Mo. 515, it has been held that railroads are liable for the expences incurred by property owners in defending condemnation proceedings that have been discontinued. [For cases see Meadow Park Land Co. v. School District of Kansas City, 257 S. W. 441, 443.] This has never been held as to public corporations having the right to unconditionally abandon the proceedings unless such proceedings were needlessly, wrongfully and vexatiously continued when it was in the power of the condemnor to dismiss and avoid the injury. [Simpson v. Kansas City, 111 Mo. 237; Brewing Association v. St. Louis, 168 Mo. 37; Lester Real Estate Co. v. City of

St. Louis, 170 Mo. 31; Meadow Park Land Co. v. Kansas City, supra.] There is neither pleading nor proof of any unusual delay in the condemnation proceedings involved in this case or in their dismissal, so it is not necessary to pass upon the question as to whether this statute, worded as it is, allows such compensation under such circumstances. There is no question but that the State Board of Agriculture is a corporation. Section 11933, Revised Statutes 1919, expressly creates it as "a body corporate" and sections 11933 to 11943 inclusive (Art. 1, Chap. 109, R. S. 1919) show it to be a public corporation. [Gross v. Kentucky Board of Managers, 105 Ky. 840; King v. Kentucky Board of Pharmacy, 157 Ky. 52; 14 C. J. 72, 73, 78; Heller v. Stremmel, 52 Mo. 309, 312.]

However, plaintiffs call our attention to the fact that the act in referring to laws relating to condemnation by railroad companies, uses unusual and express language going to show that the Legislature meant to impose upon the Board of Agriculture the same liability as is imposed on railroads. This reference is to article 2, chapter 13, Revised Statutes of 1919, which contains our general condemnation statute. Many other public corporations in the State are permitted to condemn land and the statutes giving them such power refer to the same condemnation statute as does the act giving the State Board of Agriculture power to condemn land. Section 8947, Revised Statutes 1919, permitting cities of more than 150,000 and less than 500,000 population to condemn land, states that they "may adopt the same procedure" provided by article 2, chapter 13, Revised Statutes 1919. The language used in section 9458, Revised Statutes 1919, relating to condemnation by counties of courthouse, jail and poorhouse sites is that the condemnation shall be in the "same manner as provided by article 11 of chapter 13." Substantially the same language is used in section 10702, relating to condemnation by counties generally. It says, "in the same manner and with like effect." Section 11143 relating to condemnation by school districts for school

house sites and play grounds is worded as section 9458. Section 11428, relating condemnations by school districts in cities of from 75,000 to 500,000 inhabitants, is the same. So, also, is section 12245 relating to condemnations by eleemosynary institutions. In section 10907, providing for the condemnation of land for State roads, the statute reads, "Such proceedings (condemnation proceedings) shall be governed by the procedure now provided by article 11, chapter 13, of the Revised Statutes of Missouri, 1919." Section 12415, relating to condemnations by the prison board, referring to the manner in which the condemnation proceedings shall be had, contains the same language as the statute providing for the condemnation of land for state fair purposes. While these statutes do not all contain the same language, we think that it is quite apparent that the purpose of them is the same.

That part of the statute involved in this cases referring to the general or railroad condemnation statute and stating that it shall be the "law for determining the rights of property of each party to any such proceedings" has no application, for the reason that the matter involved in this suit is whether the expenses incurred in defending the condemnation proceedings can be recovered and the rights of the parties to the property are not in issue. The language used in the act "such condemnation proceedings shall be in all things governed and controlled by the laws of this State governing the condemnation of private property for a public use for railroad companies," is no broader than the language used in the statute, section 11428, Revised Statutes 1919, providing for condemnation of land for school purposes by cities of from 75,000 to 500,000 population. In that section the reference is made in the following language—"The board may . . . proceed to condemn the same (the land) in the same manner as provided for condemnation of right of way of article 11, of chapter 13, of the Revised Statutes." The Supreme Court in Meadow Park Land Co. v. School

District of Kansas City, supra, had this to say of section 11428—

"The reference in section 11428 to article 2 of chapter 13, of the Revised Statutes, was a reference to a method of procedure only. It was not intended thereby to impose upon the school district a liability, or a right peculiar or appropriate to railroad or other like corporations mentioned in that article, by reason of any provisions in the charters of those corporations, or by reason of the fact that they are corporations whose property, though devoted to a public use, is held in private ownership, and is acquired for purposes of private gain."

And at page 246—

"In respect of manner of procedure section 11428 was a reference statute.

'Reference statutes are of frequent use to avoid incumbering the statute books by unnecessary repetition.' [State v. Peyton, 234 Mo. 523, 137 S. W. 98—, Ann. Cas. 1912D, 154.]

The case just mentioned, and some others, are cited by appellant as authority for the claim that article 2 of chapter 13, as construed by the court, have become a part of the School District Act, and in respect of the liability here claimed. In respect of form and manner of procedure, and costs allowed by statute, the claim is undoubtedly correct. In respect of the application of the rule of liability to a school district, the question is one of first impression. In the absence of statutory enactment, or of precedent more compelling in force than those cited, it should not be held that this liability attaches to the school district."

There being no express statute giving plaintiffs the right under the circumstances to maintain this action, the court properly sustained defendant's demurrer to the evidence.

The judgment is affirmed. All concur.