EIGHTH & MORGAN GARAGE & FILLING STATION, a Corporation, LOTTIE REALTY & INVESTMENT COMPANY, a Corporation, BONDED REALTY & INVESTMENT COMPANY, a Corporation, REMLEY REAL ESTATE & INVESTMENT COMPANY, a Corporation, KALMAN STARR, MIKE and PAULINE KUTTEN, EDNA E. SCHILB, ANNIE SRENCO, GEORGE GRAF, L. H. MATTHEY, H. A. KEARNEY, LEO G. HADLEY, ALICE D. HADLEY, EDITH V. GOESLING, CHRISTINE CAFFERATA, GEORGE REPPETTO, FRED FISCHER, M. GOLDSTEIN, ELLA D. PLUMMER, C. J. and F. E. BRINER, CICMAN REALTY & INVESTMENT COMPANY, a Corporation, LOUIS CICARDI, ALEX W. HARTMAN, GUARDIAN OF WILLIAM HARTMAN, an Insane Person, PINKUS and SADIE SUBOWITZ, LOUIS F. and ADA G. KORACH, LOUIS F. and ISRAEL KORACH, ROSE C. and ALICE CLARK, in behalf of themselves and others whose rights are affected in the same manner and who desire to join herein, Appellants, v. CITY OF ST. LOUIS, a Municipal Corporation.—119 S. W. (2d) 202.

Division Two, August 17, 1938.*

*August G. Walz* for appellants.

---

*NOTE: Opinion filed at September Term, 1937, December 17, 1937; opinion modified; motion for rehearing and to transfer to Court en Banc filed; motion overruled at May Term, 1938, August 17, 1938.

*E. H. Wayman* and *Oliver Senti* for respondent.

BOHLING, C.—This action was instituted against the City of St. Louis as a class suit by certain owners in fee of real estate against which alleged special benefits had been assessed as a result of the widening of Morgan Street from Third Street to Grand Boulevard and for a cut off to Delmar Boulevard, public streets in said city, under ordinance enactments and proceedings had pursuant thereto. The appeal is from a judgment for defendant and against plaintiffs following plaintiffs' refusal to plead further after the trial court sustained defendant's motion to strike plaintiffs' "first amended petition" from the files.

Plaintiffs' original petition was filed on March 28, 1933, and on November 26, 1934, plaintiffs filed an amended petition. Defendant contends that plaintiffs prematurely instituted suit; that they may not cure such defect by amendment; and that the amended petition is a departure from the original petition. Plaintiffs' position is that their cause of action accrued at the time of the filing of the commissioners' report hereinafter mentioned.

Plaintiffs' original petition was in two counts. Sufficient for this review, the first count alleged, among other things, that certain ordinances had been enacted, etc., by defendant city; that a suit, styled City of St. Louis v. Franklin Bank et al., had been instituted for the condemnation of land to widen said Morgan Street, etc.; that, in said condemnation proceedings, the court appointed commissioners to set out the benefit district, the setting out of such benefit district and the assessment of benefits against the real estate of plaintiffs by said commissioners, the filing of the report of said commissioners, thereby creating a lien and a cloud on plaintiff's title; and, attacking the validity of the proceedings in said condemnation suit and the ordinances involved on constitutional and other grounds, plaintiffs sought to enjoin the collection of the alleged special benefit tax, to cancel and remove the alleged cloud on their title, and to have all proceedings in said condemnation suit decreed void. The second count, incorporating certain allegations of the first count by reference, averred an agreement by defendant to sell and assign the alleged benefit taxes and sought to restrain defendant from so disposing of the same.

Defendant filed a demurrer striking at each count of said petition.

On September 17, 1934, judgment was rendered in said cause styled City of St. Louis v. Franklin Bank et al.

Thereafter, plaintiffs filed their amended petition, likewise in two counts. It followed the averments of plaintiffs' original petition, but specifically pleaded, among other things, that in the condemna-

tion suit "judgment was entered against these defendants [plaintiffs] based on the report of said commissioners;" that the report of said commissioners was on file with the court and the judgment based thereon of record, thereby creating a lien and a cloud on the title of plaintiffs; that defendant had contracted to sell and was about to sell and assign said judgments based on benefit taxes assessed against plaintiffs; and, likewise attacking the validity of the condemnation proceedings and ordinances aforesaid, sought to enjoin the collection of the judgments based on the benefit taxes against plaintiffs' property; to have all proceedings and the judgment in said condemnation suit decreed void, including the assessments and judgments against plaintiffs; and to restrain defendant from assigning the judgments affecting plaintiffs' property.

Thereupon, defendant filed its motion to strike.

■ The parties stipulated that any part of the files and record entries in said condemnation case, City of St. Louis v. Franklin Bank et al., and all other causes mentioned in plaintiffs' petition, "which either party may desire to incorporate into the record in this cause, may be considered in support of or against the defendant's motion . . . to strike. . . ." Defendant's additional abstract presents the only showing of record here of proceedings in the causes mentioned in said stipulation. It discloses judgment recitals in said condemnation suit to the effect the defendants named in the petition had been duly summoned according to law and that the owners of all property especially benefited had been duly notified according to law. There is no showing contra of record, and such recitals should prevail on this review over plaintiffs' allegation that they were not served with notice as required by law.

■ We are of opinion plaintiffs' position that their cause of action accrued upon the filing of the report of the commissioners in the condemnation proceedings is not well taken. Section 8 of Article 21 of the Charter of the City of St. Louis provides: "The court upon approving the commissioners' report shall render final judgment thereon; . . . that so much of the report as is a judgment for benefits against specific property be a lien on such property for ten years from the entry of the judgment; . . . and that the city recover the respective benefits in excess of damages assessed in each instance against private property . . . and have execution therefor. . . ." Defendant's statement that it had the right to discontinue the condemnation proceedings and to abandon the proposed public improvements at any time before final judgment was entered stands unquestioned [Silvester v. St. Louis, 164 Mo. 601, 607, 65 S. W. 278, 279; St. Louis Brew. Assn. v. St. Louis, 168 Mo. 37, 44, 67 S. W. 563, 565; Lester R. E. Co. v. St. Louis, 170 Mo. 31, 33, 70 S. W. 151; 20 C. J., p. 1079, sec. 458]; and until the rendition of the judgment in said condemnation proceedings on September 17,

878

1934, there existed no special benefits enforceable against plaintiffs' real estate or subject to assignment so as to legally affect plaintiffs' rights or established as a lien or cloud on plaintiffs' title. [See Vandike v. Maddix, 23 Mo. App. 192; Heard v. Ritchey, 112 Mo. 516, 519, 20 S. W. 799; Jegglin v. Orr, 224 Mo. App. 773, 778, 29 S. W. (2d) 721, 724(7); and, *arguendo*, Sheetz v. Price, 154 Mo. App. 574, 577, 136 S. W. 733, 734(3).] The cases cited by plaintiffs on this issue, of which State ex rel. v. Gideon, 228 Mo. App. 1023, 1027, 77 S. W. (2d) 647, 649(4), is illustrative, were all instituted subsequent to the rendition of the judgment questioned.

Plaintiffs make no issue of defendant's position that the premature institution of the action may not be cured by an amended or supplemental pleading stating a cause of action not in existence at the time their action was originally instituted. [Consult Red Diamond Clo. Co. v. Steidemann, 120 Mo. App. 519, 527, 97 S. W. 220, 222; Rice-Stix & Co. v. McClure, 74 Mo. App. 379, 382; 21 C. J., p. 523, sec. 625, p. 526, sec. 627.]

The judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.