MAGNUSON, Appellant, vs. CLITHERO, imp., Respondent.

*December 19, 1898 — January 10, 1899.*

*Jurisdiction: Correction of divorce judgment: Quieting title to personalty:* Res adjudicata: *Foreclosure of mortgage.*

A judgment of divorce was granted and a division of the property made, a note and mortgage being awarded to the plaintiff. Service on the defendant was by publication. There was no appearance. After more than a year expired an action in equity was begun against the divorced husband and the mortgagor to change the divorce decree, it being supposed that the description of the note and mortgage was insufficient. The complaint, prayer for judgment, and the judgment subsequently rendered, though mainly to change the divorce judgment, were sufficient for relief *quia timet.* Jurisdiction of both of the defendants was obtained by proper service of process. Subsequent to judgment in the second action,'this action was commenced to foreclose the mortgage. A judgment of dismissal was rendered on the ground that no jurisdiction was obtained to enter the divorce judgment for want of proper service on the defendant. *Held:*

(1) Whether the court had jurisdiction to entertain a bill of review and change a judgment in an action after the expiration of more than one year from its rendition, doubted.

(2) Plaintiff's title to the note and mortgage was determined by the judgment in the second action. Whether the court acquired jurisdiction in the divorce action or not was entirely immaterial to the right to foreclose the mortgage in this action. The judgment in the second action, till set aside by some proper proceedings, was binding on all parties to it, and all claiming under or through them.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

Action to foreclose a mortgage. A judgment of limited divorce was granted between *Sara Magnuson* and Elias Magnuson at the suit of the former. Service upon the defendant was by publication. There was no appearance by the defendant. The order of publication was based on a complaint setting forth a cause of action for divorce on the ground of desertion, and also for failure to support, none of the allegations being on information and belief, and the verification being in the form prescribed by statute, omitting the words as to personal knowledge of the truth of the allegations. By the judgment a final division of defendant's property was attempted to be made between the parties, and it was subsequently found that a certain mortgage, and the debt thereby secured, awarded to *Sara Magnuson*, being the mortgage here in suit, was so described as not to be clearly conveyed by the judgment.

More than a year after the entry of the divorce judgment an independent action was commenced by *Sara Magnuson* against her divorced husband, in which the mortgagor, respondent here, was made a defendant for the purpose of correcting the judgment of divorce, so as to correctly describe the mortgage. Service on Magnuson was made and jurisdiction as to him was obtained by publication of the summons. The complaint set forth that it was intended by the divorce judgment to transfer to plaintiff the mortgage in question; that it was incorrectly described therein; and that the notes and mortgage were in the possession of the plaintiff and claimed by her as her property. The prayer, among other things, was that the rights of all the parties might be ascertained, adjudged, and enforced, and that the divorce judgment might be amended to correspond with the facts. The court found the facts in accordance with the allegations of the complaint, and rendered judgment directing the divorce

judgment to be amended accordingly, and further, in substance, that plaintiff was authorized and empowered to foreclose the mortgage in all respects as if it and the notes were made to her originally.

Subsequently plaintiff commenced this action to foreclose the mortgage, making Elias Magnuson a party, and obtained jurisdiction as to him by publication. Judgment was obtained by default. In about five months thereafter the mortgagor applied for leave to answer on an affidavit setting forth that she did not answer within the time allowed therefor, putting in issue plaintiff's title to the notes and mortgage, because she supposed, and had good reason to suppose, stating the facts, that the amended divorce judgment vested title to the property in plaintiff; that promptly upon being informed to the contrary she applied to the court to vacate the foreclosure judgment and to be allowed to come in and litigate the question of title. The motion was granted and issue was joined between the plaintiff and the mortgagor as to whether the former was the owner of the mortgage indebtedness and the security. That issue was decided against the plaintiff upon the ground that the order of publication in the divorce action was void because the complaint was not properly verified. Plaintiff's attorney properly excepted to each of the rulings of the court, leading up to the final result, so as to preserve for review the question of whether the proceedings referred to vested title to the mortgage and the mortgage debt in plaintiff, and whether the court erred in amending the divorce judgment.

*Phil. H. Perkins*, for the appellant.

*R. I. Tipton*, for the respondent.

MARSHALL, J. Many questions are discussed in the briefs of counsel and others suggested by the record, which are rendered immaterial because of the legal effect of the judgment rendered in the second action, which determined

the rights of plaintiff and Elias Magnuson in respect to the notes and mortgage. The learned trial court vacated the judgment in this action upon the theory that the title to the property in question depended on the validity of the divorce judgment. That was erroneous. It is not material to this case or to plaintiff's title to the property whether it was validly transferred by the divorce judgment originally or whether the trial court had jurisdiction to review that judgment and change it after the expiration of one year from its rendition, a question which admits of serious doubt. When the second action was commenced, ostensibly to correct the divorce judgment, plaintiff was in possession of the notes and mortgage, claiming title thereto, which was liable to be questioned by the mortgagor, *Electa Clithero*, and by Elias Magnuson as well. In those circumstances a court of equity had jurisdiction to quiet plaintiff's title to the property. Actions for that purpose are infrequently brought where the subject is personal property, but the jurisdiction of the court in such cases is as well defined and as well understood as where the subject is real estate. Pomeroy, Remedies & Rem. Rights, § 369. Plaintiff's situation was such that she had no way of remedying the mischief growing out of the threatened dispute as to her title, except to appeal to equity for a decree silencing those from whom such dispute might come. Hence, upon the plainest principles of equity jurisdiction, it was in the power of the court to entertain an action *quia timet* in plaintiff's behalf and to make the proper decree. The complaint stated the facts requisite to a judgment setting at rest plaintiff's fears as to her title, and the prayer, though in the main for a change in the divorce judgment, was broad enough to cover a judgment *quia timet*. The judgment, though intended, in the main, to authorize a change in the divorce judgment, also expressly decreed that plaintiff was entitled to enforce the notes and mortgage the same in all respects as if they were executed directly to her.

Magnuson vs. Clithero.

There is no question but that the court had jurisdiction of Elias Magnuson and of the mortgagor, proper service of process in the action having been made upon each. The result is binding upon the mortgagor as to every question regarding the property raised therein by her answer in this action, independent of whether the judgment in the divorce action be void or not. The title to the notes and the mortgage, both as to her and Elias Magnuson as well, was there put at rest for all time, no matter from whence plaintiff's claim of title came. The principles of law governing the situation are familiar and simple, too much so in fact to warrant any extended discussion of them. The court having jurisdiction of the subject matter and the parties, determined the rights of all. That stands as the infallible truth. It cannot be gainsaid by the parties to the litigation in this or any other case, or this or any other court. The court in a proper proceeding between the parties has spoken by its decree. So long as that decree stands, respondent and defendant Elias Magnuson, whose rights appellant stands in fear of, are effectually estopped from setting up any claim inconsistent with it.

*By the Court.*— The judgment appealed from is reversed, and the cause remanded with directions to render judgment in favor of plaintiff in accordance with the prayer of the complaint.

BARDEEN, J., took no part.