## HEILMAN v. HEILMAN et al.

An equitable action to quiet title to personalty lies only where there is no adequate remedy at law.

A complaint, in an equitable action to quiet title to a certificate of deposit issued by a bank to plaintiff and defendant as depositors, which alleges that the money deposited belonged to plaintiff and that the bank, made a codefendant, and defendant knew that fact, but which does not show that defendant has asserted any title to the certificate, does not state a cause of action because of adequacy of remedies at law.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Action by P. A. Heilman against Barbara E. Heilman and another. From an order overruling a demurrer to the complaint, defendants appeal. Reversed.

*T. J. Spangler,* for appellants. *E. T. Grua,* for respondent

WHITING, J. The complaint herein, omitting title, is in words and figures as follows:

"(1) That on or about the 1st day of September, 1909, one Ben Heidt, who is a son of the defendant Barbara E. Heilman, and who was on said date and still is in the employ of the defend- ant the Farmers' State Bank of Carthage, S. D., represented to this plaintiff that, if the plaintiff had any money to loan, he could place it at interest for this plaintiff so that it would draw an annual rate of 6 per cent. per annum, and where it would be safe and cause this plaintiff no trouble in looking after same. That, relying upon such representations, this plaintiff furnished to the said Ben Heidt, to so place at interest for the plaintiff, the sum of $1,150, of the plaintiff's own money, and that on or about the 1st day of October, 1909, the said Ben Heidt sent to this plaintiff a certificate of deposit issued by the Farmers' State Bank of Car- thage, S. D., dated September 21, 1909, in the sum of $1,150, due 12 months after date, with interest at 5 per cent. per annum, and which certificate of deposit was issued to F. A. Heilman, and Bar- bara Heilman, as depositors.

."(2) That the defendant Barbara E. Heilman had no inter- est in the money so delivered to the said Ben Heidt, to be placed at interest, but the said money belonged to and was the individual property of this plaintiff, all of which was well known to the de- fendants herein.

"(3) That J. J. Heidt, the president of the said State Bank of Carthage, S. D.., one of the above-named defendants, is also a son of the defendant Barbara Heilman, and that the said Barbara E. Heilman and the Farmers' State Bank of Carthage, S. D., through its officers, who are sons of the defendant Barbara E. Heilman, conspired together to defraud this plaintiff out of his property and to place the one-half thereof under the control of the defendant Barbara E. Heilman. That the plaintiff is the sole and true owner of the said certificate of deposit so issued by the Farmers' State Bank of Carthage, S. D., to F. A. Heilman and Barbara E. Heilman, and is now in possession thereof, and that the defendant Barbara E. Heilman has no right, title, or interest in or to any part or portion of the said certificate of deposit, or to the funds represented by the said certificate.

"Wherefore, the plaintiff prays that he have judgment adjudging that the defendant Barbara E. Heilman has no right, title, or interest in or to the said certificate of deposit, and that the plaintiff is the sole, true, and absolute owner thereof, and further ordering that the said Farmers' State Bank of Carthage, S. D., one of the defendants herein, pay the amount of the said certificate of deposit to this plaintiff upon maturity, and for such other further and different relief as to the court shall seem meet and proper."

To this complaint the defendants demurred upon the grounds that the facts therein stated are insufficient to constitute any cause of action, and that there was a defect of parties defendant in that Ben Heidt was not made a party defendant. This demurrer was overruled, and the defendants have appealed, assigning as error the overruling of such demurrer.

[1] Inasmuch as the respondent makes no attempt to support the sufficiency of the complaint except as one seeking to quiet title in him to the certificate of deposit, it is only necessary for us to determine if it contains allegations sufficient to entitle respondent to such relief.

Other than as enlarged by statute, the equitable action to quiet title could formerly only be invoked when numerous persons were asserting title adverse to plaintiff, or when some one person had repeatedly asserted title by bringing numerous successive legal actions based upon such claim of title. Pom. Rem. & Rem. Rights (2d Ed.) § 369. This remedy has almost invariably been confined to the determination of titles to real property, and by statutes in many states—among them being this state—the use of this form of action has been greatly enlarged where it is the title to or an interest in real estate that is in question. So far, then, as its use in the settling of title to personal property is concerned, the old common-law rule adheres, and an action can only be brought when there is no adequate remedy in a proceeding at law. As supporting the above and as illustrative of some of the cases where courts will entertain actions to quiet title to personal

property, we quote from Red Diamond Clothing Co. v. Steide-mann, 120 Mo. App. 519, 97 S. W. 220: "In State ex rel. v. Wood, 155 Mo., loc. cit. 446, 56 S. W. 477, 48 L. R. A. 596, the court said: 'It would seem to be elementary that in legal parlance cloud upon title arises with reference to real estate only. 6 Am. & Eng. Encly. of Law (2d Ed.) 150, and cases cited. This is the settled law of this state. Lockwood v. St. Louis, 24 Mo. 20; Leslie v. St. Louis, 47 Mo. 474; Warrensburg v. Miller, 77 Mo. 56; Sayre v. Tompkins, 23 Mo. 443; Bank v. Kansas City, 73 Mo. 555.' There are exceptions to this elementary rule of equity practice; for instance, to remove a cloud upon attached property, in the hands of a sheriff, when the cloud is created by a recorded mortgage. Voss v. Murray, 50 Ohio St. 19, 32 N. E. 1112. As-signees of property, which they desire to sell, may remove a cloud upon it created by a recorded mortgage, which they claim to be invalid. Sherman v. Fitch, 98 Mass. 59. In the latter case the court said: 'The mortgage is upon record, and it is evident that they [the assignees] cannot sell the property with any prospect of obtaining its fair value, because the purchaser would know that he exposes himself to an action if the defendant's claim is well founded.' The same principle of equity is announced in Magnuson v. Clithero, 101 Wis. 551, 77 N. W. 882. Pomeroy says the action to quiet title 'may be invoked to determine conflicting rights over personal property. * * * It will be seen that each case must stand mainly upon its own circumstances.' Pomeroy on Remedies & Remedial Rights, § 369. No case can be found where a court of equity has closed a man's mouth and tied his tongue to make a mere verbal claim to another's property, and that is all defend-ants are alleged to have done in the first count in the petition, and we think the demurrer was properly sustained."

[2] It does not even appear, by this complaint, that the de-fendant Heilman ever even opened her mouth and asserted title to the certificate of deposit, and it was certainly unnecessary to an-ticipate any such act on her part and seek the relief which re-spondent claims he was seeking when it is clearly apparent that respondent had any one of several adequate remedies at law.

The order of the trial court, overruling the demurrer, is reversed.