E. P. RENTZ, *Appellant,* v. GRANGER & LEWIS, *Appellees.*

1. Equity will not take jurisdiction where there is a full, adequate and complete remedy at law. But where the remedy at law is not full, complete and adequate, or where complete relief at law is doubtful and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance and give relief if it can be done in accordance with recognized principles of chancery jurisdiction and procedure.

2. Where a bill of complaint contains allegations of overreaching misrepresentations and resulting injury to complainant in the settlement of partnership affairs, and seeks a rescinding of a written instrument, a matter for equity cognizance appears.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Hocker & Duval* and *H. M. Hampton,* for Appellant;

*Toomer & Reynolds* and *P. H. Odom,* for Appellees.

WHITFIELD, C. J.—This appeal is from an order sustaining a demurrer to a bill in equity on the ground that an adequate remedy is afforded in an action at law.

Equity will not take jurisdiction where there is a full, adequate and complete remedy at law. But where the remedy at law is not full, complete and adequate, or where complete relief at law is doubtful and a more ample and appropriate remedy may be thereby afforded, equity will take cognizance and give relief if it can be done in accordance with recognized principles of chancery jurisdiction and procedure. See Carter v. Bennett, 6 Fla. 214; Gordon v. Simonton, 10 Fla. 179.

The bill contains allegations of overreaching, misrepresentations and resulting injury to complainant in the settlement of partnership affairs, and seeks a rescinding of a written instrument, and an accounting as to partnership affairs. Without going into a critical analysis of the allegations of the bill upon this general demurrer, it is clear that a subject of equity cognizance appears, as to which a court of law cannot give full, complete and adequate relief.

The order appealed from is reversed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., not participating.