*Exceptions overruled.*

---

HARRY J. HOMRICH *vs.* LAWRENCE ROBINSON (afterwards DORA H. ROBINSON, administratrix) & others.

Suffolk. March 2, 3, 1915. — May 22, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Decree *pro confesso. Equity Jurisdiction,* To recover stolen property in hands of police department. *Police.*

In a suit in equity to recover certain property of the plaintiff stolen from him by two of the defendants which was alleged to be in the custody of the other defendants, who were officers of the police department of a city and on arresting the first two defendants for another crime had found the plaintiff's property in their possession, if such other defendants, instead of demurring, pleading or answering to the bill, file what they call a stipulation, stating that the property is in their possession as officials of the police department and that they stipulate and agree to retain it in their possession until further order of the court, it *seems,* that the bill should be taken *pro confesso* against these defendants and a decree entered accordingly, although the stipulation, if it can be considered a part of the record, may make the issuing of an injunction against these defendants unnecessary.

A suit in equity may be maintained to recover property stolen from the plaintiff which is in the custody of the police department of a city after having been taken from the thief when he was arrested for another crime and where the officers having custody of the property have refused to expose it so that it can be taken in replevin.

Where in such a case the court has jurisdiction to compel the restoration of specific property stolen from the plaintiff this jurisdiction will be retained to cover also money found in the possession of the thief when he was arrested which he had derived wholly from the sale of other property that he stole from the plaintiff at the same time.

BILL IN EQUITY, filed in the Superior Court on July 17 and amended on October 27, 1914, alleging that the plaintiff was a

jeweller having his place of business in Huntington in the State of West Virginia and that Lawrence Robinson (one of the original defendants since deceased) and the defendant Duddy there stole fifteen thousand dollars' worth of jewelry from the plaintiff, that they afterwards were arrested in Boston where they were held to await trial as violators of the laws of this Commonwealth, that when they were arrested they had in their possession seven diamonds described in the bill which were stolen by them from the plaintiff and certain money, consisting of $471 in the possession of the defendant Duddy and $390 in the possession of the defendant Lawrence Robinson, all of which was derived from the sale of other property stolen from the plaintiff that could not be found, and that the diamonds and money were legally in the custody of all or some of the defendants O'Meara, McGarr, Armstrong and the city of Boston.

Paragraph six of the bill, referred to in the opinion, was as follows: "6. That said property is legally in the custody of all or some of the other defendants named herein and cannot rightfully be come at in the ordinary action of replevin or attached by the ordinary legal process, and there is no full, adequate or complete remedy provided for by law for reaching said property and applying or delivering the same for the plaintiff's benefit."

The prayers of the bill were that the defendants Robinson and Duddy might be enjoined from assigning or attempting to convey any interest in the property, that the other defendants also might be enjoined from disposing of the property without further order of the court; and that they might be declared to hold the property as trustees for the benefit of the plaintiff subject to the order of the court; that the plaintiff's title to the seven diamonds described in the bill might be established and that those of the defendants having the diamonds in their present custody might be ordered to deliver them to the plaintiff under such conditions as the court might order; and for further relief.

On July 20, 1914, the defendants O'Meara, McGarr, Armstrong and the city of Boston filed a paper entitled a "stipulation," representing "that the property named in the plaintiff's bill of complaint, if now in their possession or that of either of said respondents, is held by them in their capacities as officials of the Boston police department, and they stipulate and agree that

the same shall be retained in their possession until the further order of this [the Superior] court."

A suggestion of the death of the defendant Lawrence Robinson on July 22, 1914, was filed, and on September 29, 1914, upon the petition of Dora Hard Robinson, the administratrix of the estate of Lawrence Robinson, she was admitted as a party to appear and defend the suit as such administratrix.

A suggestion having been filed that the defendant Duddy was a minor, Harry W. James, Esquire, was appointed guardian *ad litem* to represent him.

The defendants Robinson and Duddy filed pleas to the jurisdiction, which were waived by them at the argument before this court, as stated in the opinion. Those defendants also demurred to the bills, alleging among other causes for demurrer that the plaintiff had a plain, adequate and complete remedy at law.

The case came on to be heard upon the demurrers of the defendants Robinson and Duddy before *Fessenden,* J., who at the request of the parties reserved the case for determination by this court. If the demurrers were sustained the bill was to be dismissed; otherwise, such order was to be made as justice and equity might require.

*J. P. Leahy,* for the plaintiff.

*J. H. Blanchard,* (*H. C. Blanchard* with him,) for the defendant Dora H. Robinson.

*S. R. Cutler,* for the guardian *ad litem* of the defendant Duddy.

BRALEY, J. The pleas to the jurisdiction having been waived at the argument, the question is whether the bill states a case for equitable relief.

It is apparent from the essential allegations, that the plaintiff's property, consisting of rings with diamond settings, was feloniously appropriated at his place of business in another State by the defendant Robinson's intestate and the defendant Duddy, who after the theft were apprehended and held in custody in this Commonwealth, when the diamonds which they had removed from the rings were found among their effects, as well as moneys alleged to have been derived from the sale of other property of the plaintiff not described but stolen at the same time.

The bill further alleges that the diamonds and funds are in

the custody of some of the remaining defendants, but under what process of law or by what authority does not appear.

If we assume on the record that they did not choose to demur, plead or answer, the proper course would have been to order that the bill be taken for confessed as to them and to enter a decree accordingly. The stipulation, if we assume it to be a part of the record, while it may have rendered the issuance of an injunction unnecessary, could not supply the place of proper pleadings and procedure.

If, however, it is assumed under paragraph six, that these defendants have the bare possession and that nothing remains to be done except to deliver the property to the rightful owner, the defendants Robinson and Duddy severally contend that the remedy at law is plain, complete and adequate.

The plaintiff, who never has parted with the title, is under no obligation to sue for conversion. He is entitled to a return of the diamonds, which need not be delayed by reason of the pendency of criminal proceedings instituted for the violation of our laws but which are wholly independent of the larceny. If equity has jurisdiction of the suit to recover the diamonds, the bill can be retained to determine the plaintiff's rights in the moneys which the demurrants admit are the proceeds of sales of the stolen property of which the diamonds formed only a part. *American Stay Co.* v. *Delaney*, 211 Mass. 229. *Perry* v. *Pye*, 215 Mass. 403. It is true that this paragraph is extremely meagre, but we cannot say it is wholly insufficient. It is averred, that the property "cannot rightfully be come at in the ordinary action of replevin or attachment by the ordinary legal process, and there is no full, adequate or complete remedy provided by law for reaching said property and applying or delivering the same for the plaintiff's benefit." The demurrers admit the truth of these averments which by legal intendment mean that the defendants who have the custody refuse, or by their silence decline, to expose the diamonds so that they can be taken in replevin. The jurisdiction in equity of course need not be exclusive. It may be concurrent even where money damages are recoverable or replevin will lie. *Wilkinson* v. *Stitt*, 175 Mass. 581. *Stratton* v. *Hernon*, 154 Mass. 310, 312. The plaintiff, to preserve his rights until the question of ownership can be determined and his right to full restitution if he pre-

vails, must have injunctive relief which a court of common law cannot give. It is settled that where this situation appears the remedy at law is not deemed adequate. R. L. c. 159, § 3, cl. 1. *Hodgkins* v. *Bowser*, 195 Mass. 141. *Holmes* v. *Woodworth*, 6 Gray, 324.

It is next urged, that the property being in custody of the law it cannot be reached by creditors of the debtors. *Travelers Ins. Co.* v. *Maguire*, 218 Mass. 360, 362, 363. But this is not a bill to reach and apply property of the demurrants in payment of any debt or demand due from them to the plaintiff. The relation of debtor and creditor does not exist. It would be extraordinary indeed if after larcenous asportation the guilty parties could bar the owner from establishing his title on the bare assertion that, the property having been found in their possession, it thereafter remained in custody of the law and he must go out of court empty-handed.

The demurrers should be overruled.

*Decree accordingly.*