LEWIS J. SELZNICK ENTERPRISES *v.* HARRY I. GARSON PRODUCTIONS.

1. EQUITY—MOTION TO DISMISS—PLEADING—DEMURRER.
   Defendant's motion to dismiss the bill of complaint must be considered as a demurrer to the bill, admitting all properly pleaded allegations therein to be true.

2. INJUNCTION—EQUITY—RELIEF—ADEQUATE REMEDY AT LAW.
   A bill setting up that defendant wrongfully obtained possession of a moving picture film, which through its exploitation at a price or rental greatly below normal would destroy plaintiffs' custom, credits, and profits, and would cause them irreparable injury, which could not be adequately compensated in damages, presented a situation where injunctive relief was necessary.

3. ACCOUNTING—EQUITY—ADEQUATE REMEDY AT LAW.

Upon the question of accounting, the remedy in equity is more complete and better adapted to the ends of justice than the remedy at law.

4. EQUITY—JURISDICTION—FRAUD.

Where fraud is charged, equity may assume jurisdiction, even though plaintiffs have a remedy at law.

5. SAME—MOTION TO DISMISS—PLEA IN ABATEMENT.

Defendant's motion to dismiss, based on the ground that the material issue involved will be determined in a pending suit at law, amounts to, a plea in abatement and should show that the whole relief sought in the second suit is obtainable in the first.

6. SAME—MOTION TO DISMISS—FOREIGN CORPORATIONS—DEFENSES —COMPLIANCE WITH STATUTE.

That plaintiffs, foreign corporations, have not complied with Act No. 206, Pub. Acts 1901, as amended, in regard to doing business in Michigan, should be pleaded in bar, and is not available upon a motion to dismiss.

7. ELECTION OF REMEDIES—ESTOPPEL—COMMENCEMENT OF SUIT.

Because plaintiffs brought replevin to secure possession of a moving picture film, they are not thereby estopped from maintaining an equitable action for an accounting and for injunctive relief; the mere starting of an action at law or a suit in equity not constituting an election, and until election is completed, the pursuit of both remedies will not deprive plaintiffs of either.

Appeal from Wayne; Searl, J., presiding. Submitted April 10, 1918. (Docket No. 56.) Decided June 3, 1918.

Bill by Lewis J. Selznick Enterprises, Incorporated, and another against the Harry I. Garson Productions for an accounting and for injunctive relief. From an order denying a motion to dismiss, defendant appeals. Affirmed.

*Angell, Bodman & Turner* and *Clifton G. Dyer* (*Konta & Kirchwey*, of counsel), for plaintiffs.

*Millis, Griffin, Seely & Streeter* (*Robert M. Brownson,* of counsel), for defendant.

The bill of complaint sets out the fact that the plaintiffs are engaged in the business of distributing and exploiting motion pictures; that in the course of said business on June 10, 1917, they shipped by American Express to their agent, Dennison, in the city of Detroit, one positive print of the motion picture "Poppy"; that defendant fraudulently and wrongfully secured possession of said positive print; that immediately upon learning of such wrongful taking plaintiffs made a demand upon defendant for the return of the same which was refused; that on September 7, 1917, plaintiffs started a replevin suit against defendant and by virtue of the writ recovered possession of the said print; that thereupon defendant corporation furnished a bond in the sum of $1,000 and regained possession of the print in question; that since regaining possession of said positive print known as "Poppy" defendant corporation has fraudulently and wrongfully been distributing, exploiting and leasing the same in various parts of Michigan, and is wrongfully proceeding to collect rentals thereon amounting to a large sum of money, to wit, $5,000. The bill contains other averments not necessary to an understanding of the questions presented.

Plaintiffs pray:

1. For an accounting.
2. For payment of such sums as may be found due.
3. For an injunction temporary and permanent against defendant corporation restraining it from exploiting or leasing said motion picture "Poppy."

This bill was filed on October 25, 1917, and an injunction issued on November 3, 1917. On the same day defendant filed an answer and cross-bill and a

202—Mich.—8.

motion to dismiss. The motion is based upon the following grounds:

1. It appears on the face of the bill that plaintiffs have a plain, adequate, and complete remedy at law.

2. It affirmatively appears in and by said bill of complaint, defendant's answer attached thereto, and the records and files of this court, in the case of Lewis J. Selznick Enterprises, Inc., a foreign corporation, plaintiff, v. Harry I. Garson Productions, et al., defendants, Court No. 59,604, that all of the material issues involved in this case are necessarily determinable in the other case.

3. It affirmatively appears from the bill, defendant's answer, and the exhibits attached thereto that plaintiff, the said Lewis J. Selznick Enterprises, Inc., is a foreign corporation doing business in Michigan without complying with the provisions of Act No. 206, Pub. Acts 1901, and acts amendatory thereof (2 Comp. Laws 1915, § 9063 et seq.).

4. It appears from the bill of complaint and the answer that prior to the commencement of this suit plaintiff commenced a replevin suit against defendant, Court No. 68,469, and it is apparent that the same issues are involved in the said replevin case as in this, said replevin suit being now pending and undetermined.

The motion was supported by several affidavits, other affidavits contra being filed by plaintiffs. The matter came on for hearing and the motion was denied November 23, 1917. Leave having been granted, defendant here reviews the order denying the motion to dismiss.

BROOKE, J. (after stating the facts). 1. Have plaintiffs a plain and complete remedy at law? The motion to dismiss as to this ground must be considered as a demurrer to the bill and the demurrer admits all properly pleaded allegations in the bill to be true. Assuming the truth of the allegations contained in the bill it seems to us quite clear that the recovery

of damages in the replevin suit would fall far short of affording plaintiffs a complete and adequate remedy. It is averred in the bill that defendant through its exploitation of the picture "Poppy" at a price or rental greatly below normal

"destroys and will destroy plaintiffs' custom, credits and profits and causes and will cause irreparable injury to plaintiffs which cannot be adequately compensated for in damages."

Under a situation such as was presented by the bill of complaint injunctive relief is clearly necessary to protect plaintiffs' rights. Upon the question of accounting, too, the remedy in equity is more complete and better adapted to the ends of justice than the remedy at law. *Castle Creek Water Co.* v. *City of Aspen,* 146 Fed. 8, and *Butler Bros. Shoe Co.* v. *Rubber Co.,* 156 Fed. 1. Where, as in the case at bar, fraud is charged, equity may assume jurisdiction even though plaintiff may have a remedy at law. 16 Cyc. p. 82; *Homrich* v. *Robinson,* 221 Mass. 308.

2. Under this branch of appellant's motion it is stated that the material issue involved in the suit at bar will be determined in the case of Lewis J. Selznick Enterprises, Inc., v. Harry I. Garson, *et al.,* Court No. 59,604. Inasmuch as in the bill of complaint filed in that case no mention is made of the picture "Poppy," we think the claim without merit. It seems plain to us that plaintiffs are seeking relief in the case at bar which they cannot secure in the other case. This part of the motion amounts to a plea in abatement and should show that the whole relief sought in the second suit is obtainable in the first. 16 Cyc. p. 289.

3. Under the decision of *Lewis J. Selznick Enterprises* v. *Garson, ante,* 106, handed down herewith, this branch of defendant's motion should be pleaded in bar and is not available upon a motion to dismiss.

4. Have plaintiffs because of the starting of the re-

plevin suit elected their remedy and so estopped themselves from maintaining this equitable action? The mere starting of an action at law or a suit in equity does not constitute an election. 15 Cyc. p. 264. Until election is completed the pursuit of both remedies will not deprive plaintiffs of either. *Id.*

A consideration of the pleadings in this case, as well as those in its companion case, to which reference has been made, convinces us that the motion to dismiss was properly denied.

Order affirmed, with costs.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, STONE, and KUHN, JJ., concurred. FELLOWS, J., did not sit.