GEORGE A. ELLIS, JR., et al., doing business as E. F. Hutton & Company, *Appellants*, vs. DIXIE HIGHWAY SPECIAL ROAD & BRIDGE DISTRICT, DIXIE COUNTY, LAFAYETTE

796

COUNTY and J. C. CHAIRES, W. H. MATHIAS and J. M. McKINNEY, as Bond Trustees for Dixie Highway Special Road & Bridge District, *Appellees.*

138 So. 374.

En Banc.

Opinion filed, December 7, 1931.

*Marks, Marks, Holt, Gray & Yates,* of Jacksonville, for Appellants;

*McKinney* and *Edwards,* of Cross City, for Appellees.

MATHEWS, C.—This is an appeal from an order sustaining a demurrer to complainants' amended bill of complaint and dismissing the amended bill, on the ground that the complainants have an adequate remedy at law.

The bill in substance alleges the issuance and sale of certain negotiable bonds by Dixie Highway Special Road & Bridge District dated July 1st, 1919, and payable July 1st, 1939, with interest coupons maturing semi-annually attached; that the complainants, who are bond brokers and members of the New York Stock Exchange, purchased three of these bonds, without knowledge of any defect or

infirmity in the title to said bonds; that in due course of business, complainants presented certain of the interest coupons for payment and the District refused to pay the interest coupons so presented, contending that the bonds and interest coupons had been stolen and that duplicate bonds had been issued by the District upon which it was paying interest; that the money collected by taxes for the payment of the bonds constituted trust funds, which money is being used by the District for improper payments of interest on the bonds in question to other persons when the complainants are entitled as owners of the bonds to receive the interest as it falls due; that the complainants, because of the rules of the New York Stock Exchange, cannot further negotiate the bonds and are therefore deprived of the rights and privileges ordinarily conferred by the ownership of bonds, which rights and privileges cannot be exercised until complainants' title to the bonds is established. The bill prays that the complainants be adjudged the owners and holders of the bonds; that the District be ordered to pay the interest now due and to become due, and that the District and the Bond Trustees therefor be enjoined from dissipating the trust funds by paying them to the holder of the duplicate bonds.

Two errors are assigned. The first assignment complains of the order sustaining the demurrer, and the second assignment complains of the order dismissing the amended bill of complaint.

It is contended by complainants that the court of equity has jurisdiction to quiet title to the bonds held by complainants, prevent the misapplication of trust moneys, and require payment of interest due.

In accordance with the general principle of equity jurisprudence, where there is a complete and adequate remedy at law, equity will not assume jurisdiction of a bill to quiet title. Conant v. Buesing, 23 Fla. 559, 2 So. 882; Haworth

v. Norris, 28 Fla. 763, 10 So. 18; Hughes v. Hannah, 39 Fla. 365, 22 So. 613.

But a court of equity has inherent jurisdiction to quiet title where no remedy at law exists. Conant v. Buesing, supra.

And it has the same jurisdiction where the legal remedy invokable would not afford adequate relief. Carter v. Bennett, 6 Fla. 214; Rentz v. Granger & Lewis, 64 Fla. 445, 60 So. 221; McNabb v. Tampa & St. P. L. Co., 78 Fla. 149, 83 So. 90.

Suits in equity to quiet title to personalty are infrequently brought, but a court of equity will give relief in respect of personalty and quiet title thereto when, owing to exceptional circumstances, there is no adequate remedy at law. Heilman v. Heilman, 28 S. D. 303, 133 N. W. 256, Ann. Cas. 1914-B 343; Magnuson v. Clithero, 101 Wis. 551, 77 N. W. 882; Pomeroy on Rem. & Rem. Rights, Sec. 369; Honvrich v. Robinson, 221 Mass. 308, 108 N. E. 1082; Thompson v. Emmett Irr. Dist., 227 Fed. 561; 6 Pom. Equity Jurisprudence, Sec. 729; Port Angeles Western R. R. Co. v. Callam County, Wash., 20 Fed. (2nd) 202.

It appears from the bill of complaint that the interest coupons fall due semi-annually on each of the bonds in question. It is possible for complainants to bring a suit on each interest coupon as it falls due, should the District persist in its refusal to recognize complainants as the owners of the bonds. A suit on one interest coupon would not establish title to any other interest coupon nor the right to recovery upon it, and any such suit would not determine the right of the complainants to recover upon the bonds to which the interest coupon had been attached.

It is apparent that unless equity will permit complainants' title to be established, it may be necessary to bring suit on the interest coupons on each bond as they mature in each of which suits the same issue will likely be tried, namely; Are the complainants holders in due course of the

interest coupons sued on. By the suit in the case at bar, the title of complainants to each coupon and to each bond can be determined, and this may avoid separate suits upon the interest coupons or periodic suits upon one or more of the coupons.

It is alleged in substance in the bill as amended that the money raised under the Law of the State of Florida for the payment of the bonds by the Bond Trustees is being dissipated through unauthorized and illegal payments.

In Thompson v. Emmett Irr. Dist., supra, where the officers of an irrigation district stood in the relation of trustees for the holders of the district's bonds, and the moneys collected by them from the taxpayers for the payment of the interest on the bonds was the trust fund and was being diverted and not applied to payment of interest on the bonds. It was held that the District Court had jurisdiction of the amended bill in equity by the holders of bonds issued by the regularly organized state irrigation district, alleging that the directors of the district had made and collected assessments for the payment of interest on the bonds and had defaulted in interest and a cloud had been cast on the title to the bonds by claiming that part of them had been issued without consideration, on the ground of its independent equitable jurisdiction over trusts. In the opinion, it was said: "But another ground of jurisdiction which we think was properly invoked in this case, and that is the jurisdiction which courts of equity exercise over trustees in the performance of their duties. The officers of the irrigation district stand in the relation of trustees for the bondholders of the district. The moneys collected by them from the taxpayers for the payment of interest on the bonds constitute a trust fund which cannot be applied or diverted to any other purpose. They have collected money from the taxpayers for the payment of interest on the bonds of the district, and they are not applying that money to such purpose.

This is a diversion pro tanto of that fund and they are chargeable with breach of trust for that diversion.''

From the allegations of the bill, it appears that the lapse of time before a suit at law may be brought to establish the complainants' right to the bonds in question may make it impossible for complainants to establish their legal title to the bonds, because witnesses may die, records may be lost and testimony become unavailable, and even if an action at law could be brought, the law court could not grant a writ of injunction restraining the dissipation of the trust funds nor control the action of the trustees by directing them to pay complainants the amount due on their bonds and coupons.

Only a court of equity can grant the complete relief complainants' amended bill of complaint prays for.

It follows that the order of the court below sustaining the demurrer and dismissing the amended bill of complaint is reversed and the cause remanded for further proceedings.

PER CURIAM.—The record in this cause having been considered by the court and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (Extra Sess.) adopted by the court as its opinion, it is considered, ordered and decreed by the court that the order of the court below sustaining the demurrer and dismissing the amended bill of complaint is reversed and the cause is remanded for further proceedings.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.