# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 24, 2006

Clifford W. Taylor,
Chief Justice

130689 & (81)(88)

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

NORTHERN WAREHOUSING, INC.,
d/b/a NORTHERN FOOD SERVICE,
            Plaintiff-Appellee,

v

STATE OF MICHIGAN, DEPARTMENT
OF EDUCATION,
            Defendant-Appellant.

SC: 130689
COA: 260598
Ct of Claims: 04-000239-MK

_____/

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. By order of April 12, 2006, this Court directed the parties to file supplemental briefs stating whether the contract between plaintiff and the State of Michigan was renewed for the 2005-2006 school year or beyond. The briefs having been filed, the application for leave to appeal the March 7, 2006 judgment of the Court of Appeals is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. In order to justify the extraordinary remedy of a preliminary injunction, the moving party must show a likelihood that it will succeed on the merits of the claim. *Michigan State Employees Ass'n v Dep't of Mental Health*, 421 Mich 152, 157-158 (1984). The Court of Appeals erred in finding that evidence supported a likelihood of success on plaintiff's claim for promissory estoppel. Promissory estoppel requires reasonable reliance on the part of the party asserting estoppel. The contract between the parties contains an integration clause. Reliance on pre-contractual representations is unreasonable as a matter of law when the contract contains an integration clause. See *UAW-GM Human Resource Center v KSL Recreation Corp*, 228 Mich App 486, 504 (1998). We REMAND this case to the Court of Appeals for expedited consideration of the likelihood of success of plaintiff's other causes of action. The motion to stay the Court of Claims injunction is GRANTED pending the completion of this appeal.

We do not retain jurisdiction.

WEAVER, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 24, 2006

*Corbin R. Davis*

d0524

Clerk