# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 25, 2006

130592

STELLA A. MOXON,
       Plaintiff-Appellee,

v

JACK R. MOXON,
       Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130592
COA: 264841
Macomb CC: 03-006130-DM

On order of the Court, the application for leave to appeal the January 25, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Macomb Circuit Court for its consideration of whether MCR 2.612(C)(1)(f) authorizes the court to grant plaintiff's request to modify the parties' consent judgment of divorce to provide that the parties' children "shall be allowed to be enrolled in the school district which [*sic*] plaintiff resides, which is currently St. Clair Shores school district." We DIRECT the circuit court to make the following specific findings regarding the requirements for relief to be granted under MCR 2.612(C)(1)(f) within 60 days of the date of this order:

(1) Whether the reasons for modifying the parties' consent judgment of divorce do not fall under subsections (a) through (e) of MCR 2.612(C)(1);

(2) Whether the substantial rights of defendant will be detrimentally affected if the consent judgment of divorce is modified as plaintiff has requested;

(3) Whether extraordinary circumstances exist that mandate modifying the consent judgment of divorce in order to achieve justice;

(4) Whether the provision of the consent divorce judgment that plaintiff seeks to modify was obtained by the improper conduct of defendant; and

5) Whether plaintiff requested modification of the consent judgment of divorce within a reasonable time after its entry. *Heugel v Heugel*, 237 Mich App 471, 478-479, 482 (1999).

The Macomb Circuit Court may conduct additional proceedings or evidentiary hearings, if necessary. Should the circuit court determine that modification of the consent judgment of divorce was not appropriate under MCR 2.612, and that the parties'

children should be enrolled in the Grosse Pointe Farms School District, the current school enrollment of the parties' children shall nonetheless remain undisturbed through the remainder of the 2005-2006 school year.

We do not retain jurisdiction.

WEAVER and CORRIGAN, JJ., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 25, 2006

_____
Clerk

s0524