# STATE OF MICHIGAN

# COURT OF APPEALS

---

KIRK LORENZ,

Plaintiff-Appellant,

and

ROBERT K. KAUFMAN,

Appellant,

v

ARTHUR JEANNOT and EDEN BROOK, LLC,

Defendants-Appellees.

UNPUBLISHED
April 28, 2015

No. 319802
Benzie Circuit Court
LC No. 12-009578-CZ

---

Before: OWENS, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's grant of summary disposition in favor of defendants. He also challenges an award of sanctions. We affirm.

Plaintiff is the former owner of the Brookside Inn. Defendant Arthur Jeannot owns defendant Eden Brook, LLC (Eden Brook), which is the current owner of the inn. Plaintiff lost the inn and all its contents in a 2008 judgment of foreclosure granting the property to Honor Bank. On May 4, 2011, Eden Brook purchased the property. On May 1, 2011, plaintiff and Eden Brook entered into a lease agreement whereby plaintiff leased to Eden Brook a parcel of real property adjacent to the Brookside Inn for a term of 20 years in exchange for rent of $1 per year. The lease contained an option for Eden Brook to purchase the property for its fair market value after the first year of the term. The lease granted Eden Brook "the complete, unfettered ability to utilize the premises in any manner it wishes so long as consistent with zoning regulation," and stated that Eden Brook had rights including "but . . . not limited to, the physical modification or destruction of any buildings or fixtures now existing thereon." The lease also contained an integration clause stating that the written instrument was the "entire agreement between the parties."

In a letter dated November 8, 2012, Jeannot informed plaintiff that he intended to remove a message board sign attached to the parking lot property and asserted his right to do so under the

-1-

lease. Plaintiff sued, seeking rescission of the lease on the ground of fraud. Specifically, plaintiff alleged that Jeannot induced him to enter the lease by promising him a business interest in the Brookside Inn, but never made good on that promise. On May 31, 2013, plaintiff amended his complaint to include a claim of conversion of personal property located in the Brookside Inn and a count of "claim and delivery" (replevin) regarding the same property.

Defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10)[1] and the court granted the motion. Regarding the claim for rescission for fraud, the trial court ruled that the parol evidence rule prevented plaintiff from asserting that defendants had orally promised to grant him an interest in the inn. Regarding the claim for the personal property, the court applied the doctrine of laches, finding that plaintiff had failed to diligently pursue any claim he might have had to his personal property. The court also found plaintiff's claims frivolous and awarded defendants costs and fees. This appeal followed.

I

Plaintiff first challenges the grant of summary disposition to defendants on the fraud claim. We review de novo the trial court's decision on a motion for summary disposition. *Mercantile Bank Mortgage Co, LLC v NGPCP/BRYS Centre, LLC*, 305 Mich App 215, 223; 852 NW2d 210 (2014). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden*, 461 Mich at 120.]

"The parol evidence rule may be summarized as follows: '[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous.' " *UAW-GM Human Resource Center v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998), quoting *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580, 458 NW2d 659 (1990). Michigan law recognizes the following four exceptions to the parol evidence rule:

> [E]xtrinsic evidence is admissible to show (1) that the writing was a sham, not intended to create legal relations, (2) that the contract has no efficacy or effect

---

[1] Defendants' motion for summary disposition was not included in the lower court record in this case but was discovered in the file of a case which had been joined with this case for discovery below. Under the circumstances, we expand the record to include the motion under MCR 7.216(A)(4).

because of fraud, illegality, or mistake, (3) that the parties did not integrate their agreement or assent to it as the final embodiment of their understanding, or (4) that the agreement was only partially integrated because essential elements were not reduced to writing. [*UAW-GM*, 228 Mich App at 493.]

As noted, the lease agreement contained an unambiguous integration clause stating that the written agreement was the entire agreement between the parties. "[A]n integration clause precludes admission of parol evidence that contradicts the written agreement." *Id.* at 498.

Plaintiff asserts that the contract is invalid because Jeannot fraudulently induced him to enter into the contract by promising to grant him a business interest in the Brookside Inn. " 'Fraud . . . makes a contract voidable at the instance of the innocent party.' " *Id.* at 503, quoting 3 Corbin, Contracts, § 580, p 431. "An action for fraud must relate to past or existing facts, not future events. However, an unfulfilled promise to perform in the future is actionable when there is evidence that it was made with a present undisclosed intent not to perform." *Foreman v Foreman*, 266 Mich App 132, 143; 701 NW2d 167 (2005). "[F]raud will invalidate a contract when a party's assent to said contract is induced through *justified* reliance upon a fraudulent misrepresentation." *Barclae v Zarb*, 300 Mich App 455, 482; 834 NW2d 100 (2013) (emphasis in original). But "[a] merger clause can render reliance unjustified as to agreements, promises or understandings related to performances that are not included in the written agreement." *Id.* "Reliance on pre-contractual representations is unreasonable as a matter of law when the contract contains an integration clause." *Northern Warehousing, Inc v Dep't of Ed*, 475 Mich 859 (2006).

"Parol evidence is generally admissible to demonstrate fraud. However, in the context of an integration clause, which releases all antecedent claims, only certain types of fraud would vitiate the contract." *UAW-GM*, 228 Mich App at 503 (citations omitted). "[W]hen a contract contains a valid merger clause, the only fraud that could vitiate the contract is fraud that would invalidate the merger clause itself, i.e., fraud relating to the merger clause or fraud that invalidates the entire contract including the merger clause." *Id.* " 'There is an important distinction between (a) representations of fact made by one party to another to induce that party to enter into a contract, and (b) collateral agreements or understandings between two parties that are not expressed in a written contract.' " *Barclae*, 300 Mich App at 481, quoting *Star Ins Co v United Commercial Ins Agency, Inc*, 392 F Supp 2d 927, 928-929 (ED Mich, 2005).

In *Hamade v Sunoco Inc (R&M)*, 271 Mich App 145, 170; 721 NW2d 233 (2006), the plaintiff, who operated a Sunoco gas station under a franchise agreement with the defendant, asked Sunoco's agent to include a clause in the franchise agreement that would prevent Sunoco from operating a second gas station within a certain distance from the plaintiff's station. *Id.* at 149-150. The agent assured the plaintiff that such a clause was unnecessary because Sunoco "would never do that" and the franchise agreement did not contain the clause. *Id.* The agreement contained an integration clause. *Id.* at 152. Sunoco subsequently began operating a second gas station one mile away and the plaintiff sued. *Id* at 150. This Court affirmed summary disposition in favor of the defendant, stating:

Plaintiff does not contend that he was misled into believing that the 1997 Agreement contained a clause granting him an exclusive territory when in fact it

-3-

did not. Instead, plaintiff argues that he was induced into entering into an incomplete agreement that described itself as complete. In order to prevail on this theory, plaintiff must show not only that he requested the inclusion of a clause guaranteeing him an exclusive territory, but also that, as a result of Sunoco's fraudulent representations, he was induced to forget about the inclusion of that term and sign an agreement that omitted it while describing itself as the parties' entire agreement. [*Id.* at 170.]

Similarly, plaintiff does not assert that he was misled into believing that the lease agreement contained a term granting him a business interest in the Brookside Inn. Instead, plaintiff argues that he was induced into entering an incomplete agreement that described itself as complete—i.e., that although the lease agreement contained express language stating that it was the entire agreement between the parties, plaintiff believed there was a collateral agreement.

In *UAW-GM*, 228 Mich App at 488, the plaintiff (a labor union) entered into a contract with a hotel company to host a convention. The contract contained a merger clause. *Id.* The plaintiff asserted that there was a collateral, oral agreement that the hotel would be staffed with union-represented employees during the convention, but no such term was included in the written contract. *Id.* at 488-489. The hotel company subsequently sold the hotel to the defendants, who replaced the hotel's unionized staff with a non-union workforce. *Id.* The plaintiff canceled the contract and sued to recover its down payment, *id.*, contending that "[the hotel company's agent's] representations that the hotel would have union employees and her failure to inform plaintiff of the impending sale of the hotel constituted fraud." *Id.* at 504. This Court held that "[t]hese fraud claims turn on an alleged agreement that the hotel employees would be union-represented. However, the merger clause would nullify any such agreement . . . ." *Id.* The Court stated:

[T]he merger clause made it unreasonable for plaintiff's agent to rely on any representations not included in the letter of agreement. Any injury suffered by plaintiff appears to have resulted from its agent's failure to include a requirement that hotel employees be union-represented in the integrated letter of agreement rather than from reliance on any misrepresentations . . . ." [*Id.*]

"Thus," the Court concluded, "the allegations in plaintiff's fraud count are not the type of fraud claims that could invalidate a contract with a valid merger clause." *Id.* at 505.

Plaintiff alleges that defendants promised to grant him a business interest in the Brookside Inn. As in *UAW-GM*, plaintiff's reliance on any alleged promises not contained in the written agreement was unreasonable and cannot support a claim for fraud.

Plaintiff's assertion that he was promised additional consideration is not reflected in the written lease agreement. Fraud requires reasonable reliance on a misrepresented fact. *Barclae*, 300 Mich App at 482. Reliance on an oral promise made prior to entering a fully integrated written agreement is per se unreasonable. *UAW-GM*, 228 Mich App at 504. Accordingly, the trial court did not err by granting summary disposition on plaintiff's count for rescission of the contract for fraud.

Plaintiff next argues that the trial court erred by granting summary disposition of his claims for conversion and claim and delivery on the basis of laches. "[A] trial court's decisions regarding application of the equitable doctrine of laches are reviewed de novo [and] its findings of fact supporting such a decision are reviewed for clear error." *Charter Twp of Shelby v Papesh*, 267 Mich App 92, 108; 704 NW2d 92 (2005). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

Laches is an equitable defense which can bar a claim where there has been a "passage of time combined with a change in condition which would make it inequitable to enforce a claim against the defendant." *Lothian v Detroit*, 414 Mich 160, 168; 324 NW2d 9 (1982). Plaintiff argues that his claims were legal in nature and governed by the applicable statute of limitations, and that, in the alternative, no bar of laches can arise in equity before the running of the statute of limitations in an analogous legal claim. Conversion is a cause of action for damage to property and is controlled by a three-year statute of limitations. *Tillman v Great Lakes Truck Center, Inc*, 277 Mich App 47, 49; 742 NW2d 622 (2007). "Claim and delivery is a civil action to recover (1) possession of goods or chattels which have been unlawfully taken or unlawfully detained, and (2) damages sustained by the unlawful taking or unlawful detention." MCR 3.105. Contrary to defendants' unsupported assertion that "claim and delivery (replevin) is obviously founded in equity," replevin has traditionally been considered a legal remedy for unlawfully retained personal property. See *Alger v Davis*, 345 Mich 635, 643; 76 NW2d 847 (1956); *Lewis J Selznick Enterprises v Harry I Garson Productions*, 202 Mich 111, 115; 167 NW 1011 (1918). However, plaintiff is incorrect that laches cannot bar a legal claim. This Court has stated: "[L]aches may bar a legal claim even if the statutory period of limitations has not yet expired." *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 457; 761 NW2d 846 (2008).

The trial court ruled as follows:

> In the instant case plaintiff's claim is bared by laches. Defendant purchased the contents of the Brookside in 2011. If plaintiff believed he was entitled to any items in the Brookside, he needed to contest that issue in 2008 when this Court entered a judgment against him. He cannot contest the issue in the present case four years later. Plaintiff had the opportunity to remove any items of personal property.

> * * *

> [T]he Court is well satisfied that with the passage of time and two intervening owners defendant is certainly prejudiced and the equitable remedy of laches applies as against plaintiff's claim.

We perceive no error in this ruling. Eden Brook purchased all the personal property associated with the Brookside Inn in 2011. At plaintiff's request, defendants gave plaintiff three days to remove personal items from the inn. Plaintiff's only response to Jeannot's affidavit was

his own affidavit, which states, "I've actually seen items of my property at the Brookside Inn and at an auction organized for Mr. Jeannot and conducted in Interlochen in March 2013 by Cole's Auction Service." The trial court properly ruled that defendants were prejudiced by plaintiff's lack of diligence in pursuing his claim.

Further, even if laches had not barred plaintiff's claims, the trial court correctly granted summary disposition under MCR 2.116(C)(10). The property at issue was clearly subject to the 2008 judgment, and there is no documentary evidence in the record to the contrary. Plaintiff failed to come forward with any admissible evidence of his own tending to show that there remained a genuine issue for trial on his conversion and claim-and-delivery claims.

III

Plaintiff next argues that the trial court erred by awarding sanctions against him and his attorney. "This Court reviews a trial court's finding regarding whether an action is frivolous for clear legal error." *Jerico Const, Inc v Quadrants, Inc*, 257 Mich App 22, 35; 666 NW2d 310 (2003).

"To determine whether sanctions are appropriate under MCL 600.2591, it is necessary to evaluate the claims or defenses at issue at the time they were made." *In re Costs & Attorney Fees*, 250 Mich App 89, 94; 645 NW2d 697 (2002). "Not every error in legal analysis constitutes a frivolous position. Moreover, merely because this Court concludes that a legal position asserted by a party should be rejected does not mean that the party was acting frivolously in advocating its position." *Kitchen*, 465 Mich at 663.

The trial court found both that the primary purpose of the lawsuit was to harass defendants and that plaintiff's legal position was devoid of arguable legal merit. There is no evidence in the record to support the trial court's conclusion that plaintiff's primary purpose was to harass defendants. The court stated, "Well, I think it was harassment. This was—this was property that was foreclosed upon. Plaintiffs had the opportunity to remove any personal property and didn't avail themselves of that." These facts are not relevant to the question of whether plaintiff's primary purpose was harassment. Accordingly, the finding that plaintiff's primary purpose was to harass defendants was clearly erroneous.

However, the court's finding that plaintiff's claim lacked legal merit was warranted. Plaintiff's position that defendant Jeannot orally promised him an interest in the Brookside Inn— when viewed in light of well-established common law that makes clear that when there is an integrated written agreement alleged oral promises are barred by the parol evidence rule and cannot form the basis of a fraud claim—was devoid of legal merit. See *Holton v Ward*, 303 Mich App 718, 745; 847 NW2d 1 (2014). Likewise, there was no merit to plaintiff's claims for conversion and claim and delivery. His property was clearly the subject of the 2008 judgment of foreclosure and he provided no evidence to the contrary. Under MCL 600.2591, the court's proper finding that the claims were devoid of legal merit was enough to require the imposition of sanctions.

Plaintiff argues that the trial court erred by sparing defendants the burden of proving the reasonableness of their sanctions award. " '[T]he burden of proving the reasonableness of the

requested fees rests with the party requesting them.' " *Vittiglio v Vittiglio*, 297 Mich App 391, 409; 824 NW2d 591 (2012), quoting *Smith v Khouri*, 481 Mich 519, 528–529, 751 NW2d 472 (2008). However, defendants submitted a detailed bill of costs to support their requested sanctions award of $7,852.75 and noted that this covered not only the motion for summary disposition but approximately a year of litigation that included a motion for injunctive relief, discovery that included multiple sets of interrogatories, hearings, and a motion for summary disposition by plaintiff. Citing the *Michigan Bar Journal*, the trial court found that defendants' claimed attorney fee of $200 per hour was "not by any means an unreasonable fee." The trial court did not err by finding that defendants met their burden of proving the reasonableness of their fees.

IV

Plaintiff argues that the trial judge was biased against him. Plaintiff has completely failed to support his claim of judicial bias either with record evidence or with controlling authority. Moreover, he did not preserve the issue. See MCR 2.003(D). The issue being unpreserved, we will reverse only when there is plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 774; 597 NW2d 130, 138 (1999). Here, there is no plain error requiring reversal.

Affirmed. Defendants, having prevailed on appeal, may tax their costs pursuant to MCR 7.219.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray